IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTONIO M. GAMEZ. JR.,                  )
                                        )
                Plaintiff,              )      2:09-cv-01628-GEB-EFB
                                        )
        v.                              )      ORDER GRANTING MORTGAGE
                                        )      ELECTRONIC REGISTRATION
REGIONAL TRUSTEE SERVICE CORP.,         )      SYSTEMS, INC.'S MOTION
MORTGAGE ELECTRONIC REGISTRATION        )      TO DISMISS*
SYSTEMS, INC. and JOHN MANUEL           )
SANTOS,                                 )
                                        )
                Defendants.             )
_____)

        Defendant Mortgage Electronic Registration Systems, Inc.

("MERS") filed a motion on October 23, 2009, in which it seeks an

order dismissing the five claims alleged against it in Plaintiff's

complaint under Federal Rule of Civil Procedure 12(b)(6).  (Docket No.

35.)  For the reasons stated below, MERS' dismissal motion is GRANTED.

                          **I.  LEGAL STANDARD**

        A Rule 12(b)(6) motion "challenges a complaint's compliance

with . . . pleading requirements."  Champlaie v. BAC Home Loans

Servicing, LP, No. S-09-1316 LKK/DAD, 2009 WL 3429622, at *1 (E.D.

Cal. Oct. 22, 2009).  A pleading must contain "a short and plain

statement of the claim showing that the pleader is entitled to relief

. . . ."  Fed. R. Civ. P. 8(a)(2).  The complaint must "give the

defendant fair notice of what the [plaintiff's] claim is and the

_____

        *  This matter is deemed to be suitable for decision without oral
argument.  E.D. Cal. R. 230(g).

1

grounds upon which relief rests . . . ." <u>Bell Atlantic Corp. v.</u>
<u>Twombly</u>, 550 U.S. 544, 555 (2007). Further, "[a] pleading that offers
labels and conclusions or a formulaic recitation of the elements of a
cause of action will not do. Nor does a complaint suffice if it
tenders naked assertions devoid of further factual enhancement."
<u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009).

To avoid dismissal, the plaintiff must allege "only enough
facts to state a claim to relief that is plausible on its face."
<u>Twombly</u>, 550 U.S. at 547. "A claim has facial plausibility when the
plaintiff pleads factual content that allows the court to draw the
reasonable inference that the defendant is liable for the misconduct
alleged." <u>Iqbal</u>, 129 S. Ct. at 1949. Plausibility, however, requires
more than "a sheer possibility that a defendant has acted unlawfully."
<u>Id.</u> "When a complaint pleads facts that are merely consistent with a
defendant's liability, it stops short of the line between possibility
and plausibility of entitlement to relief." <u>Id.</u> (quotations and
citation omitted).

In evaluating a Rule 12(b)(6) dismissal motion, the court
"accept[s] as true all facts alleged in the complaint, and draw[s] all
reasonable inferences in favor of the plaintiff." <u>Al-Kidd v.</u>
<u>Ashcroft</u>, 580 F.3d 949, 956 (9th Cir. 2009). However, neither
conclusory statements nor legal conclusions are entitled to a
presumption of truth. <u>See Iqbal</u>, 129 S. Ct. at 1949-50.

Plaintiff opposes the motion, and includes in his opposition
a request that judicial notice be taken of five documents: a February
17, 2009 Assignment of Note and Deed of Trust, a February 12, 2009
Notice of Default and Election to Sell Under Deed of Trust, a May 18,
2009 Notice of Trustee's Sale, an article entitled "Foreclosure,

Subprime Mortgage Lending, the Mortgage Electronic Registration System," and an article entitled "The MERS Fifty Million Mortgage Meltdown." MERS objects to judicial notice being taken of the two articles, arguing "they are not proper matters for judicial notice" since "[t]he articles do not state 'facts' that are generally known" or "whose accuracy cannot be reasonably questioned." (Objection to Pl.'s Request for Judicial Notice ("RJN") 2:7-16.)

"Although, as a general rule, a district court may not consider materials not originally included in the pleadings in deciding a Rule 12 motion, . . . it may take judicial notice of matters of public record and consider them without converting a Rule 12 motion into one for summary judgment." United States v. 14.02 Acres of Land, 547 F.3d 943, 955 (9th Cir. 2008) (quotations and citations omitted). Matters judicially noticed must either be "generally known within the territorial jurisdiction of the trial court" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

The copies of the Notice of Default and Notice of Trustee's Sale of which Plaintiff requests judicial notice be taken are unreadable; only the copy of the Assignment of Note and Deed of Trust is readable. Therefore, only the Assignment of Note and Deed of Trust will be judicially noticed. See Hotel Employees and Restaurant Employees Local 2 v. Vista Inn Mgmt. Co., 393 F. Supp. 2d 972, 978 (N.D. Cal. 2005) (finding that taking judicial notice of official records did not convert dismissal motion into motion for summary judgment). Further, the two articles Plaintiff submitted will not be

judicially noticed since they are not "facts" for which judicial notice is proper. See Fed. R. Evid. 201(b).

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff completed a mortgage loan on his property located at 3588 Archetto Drive in El Dorado Hills, California, on or about December 9, 2005. (Compl. ¶¶ 7, 33.) "The terms of the loan were memorialized in a promissory note which in turn was secured by a Deed of Trust on the property. The Deed of Trust identified First American Title Insurance Company, as trustee and IndyMac Bank, F.S.B. as [the] [l]ender." (Id. ¶ 33.) The Deed of Trust also identified MERS as the beneficiary and nominee for the lender and the lender's successors and assigns. (Id. ¶ 34.) Plaintiff alleges MERS is "engaged in the business of holding title to mortgages." (Id. ¶ 9.)

MERS executed an Assignment of Deed of Trust on February 17, 2009, in which it assigned and transferred to IndyMac Federal Bank FSB, "all beneficial interest under . . . [the] Deed of Trust dated 12/9/2005 and executed by [Plaintiff] Antonio M. Gamez . . . ." (RJN Ex. A.) The Assignment was recorded on May 26, 2009. (Id.)

Plaintiff filed his complaint in this action on June 11, 2009, alleging ten claims against seven named defendants and twenty "Doe" defendants. Many defendants have been dismissed.

## III. DISCUSSION

### A. Rosenthal Act

MERS seeks dismissal of Plaintiff's California Rosenthal Act claim, arguing it is "conclusory and fail[s] to put MERS on fair notice of its alleged wrongdoing." (MTD 4:25-28.) Further, MERS argues it "played no role with regard to any alleged or threatened foreclosure"; "is not a debt collector"; and "a nonjudicial

4

foreclosure on real property under a deed of trust is *not* the
collection of a debt under a note within the meaning [of the Rosenthal
Act].” (Id. 4:4-15.)  Plaintiff counters that MERS is a debt
collector under the Rosenthal Act and has engaged in debt collection
“by virtue of its assignment of Plaintiff’s Note and Deed.” (Opp’n
12:9-14:10.)

California’s Rosenthal Act “serves to prohibit debt
collectors from engaging in unfair or deceptive acts or practices in
the collection of consumer debts and to require debtors to act fairly
in entering into and honoring such debts.” Arikat v. JP Morgan Chase
& Co., 430 F. Supp. 2d 1013, 1026 (N.D. Cal. 2006) (citing Cal. Civ.
Code § 1788.1) (emphasis omitted).  However, the Act only governs the
conduct of a “debt collector,” which under the statute is defined as
“any person who, in the ordinary course of business, regularly, and on
behalf of himself or herself . . . engages in debt collection.” Cal
Civ. Code § 1788.2.

Plaintiff’s Rosenthal Act claim is alleged against all
defendants.  Plaintiff alleges that “Defendants’ actions constitute a
violation of the Rosenthal Act in that they threatened to take actions
not permitted by law, including but not limited to: foreclosing upon a
void security interest; foreclosing upon a note of which they were not
in possession nor otherwise entitled to payment; falsely stating the
amount of a debt; increasing the amount of a debt by including amounts
that are not permitted by law or contract; and using unfair and
unconscionable means in an attempt to collect on a debt.” (Compl. ¶
63.)

Plaintiff, however, has not alleged or otherwise shown that
MERS is a debt collector under the Rosenthal Act and subject to the

statute's requirements.  Further, "Plaintiff[] fails to explain how assigning the Deed of Trust constitutes 'debt collection' under the [Rosenthal Act]."  Baisa v. Indymac Fed. Bank, No. CIV 09-1464 WBS JMF, 2009 WL 3756682, at *2 (E.D. Cal. Nov. 6, 2009) (dismissing Rosenthal Act claim alleged against MERS since "Plaintiffs fail[ed] to explain how assigning the Deed of Trust constitute[ed] 'debt collection' under the [Act]").  Since Plaintiff has not alleged sufficient facts to state a Rosenthal Act claim against MERS, this claim is dismissed.

## B. Negligence

MERS also seeks dismissal of Plaintiff's negligence claim, arguing Plaintiff has not pled sufficient facts to establish the elements of this claim.  (MTD 5:24-28.)  Specifically, MERS argues "Plaintiff has not pled any facts establishing that MERS owes or has ever owed a legal duty to Plaintiff."  (Id. 6:1-2.)  Plaintiff responds, arguing "[a] general duty not to harm another is owed to everyone."  (Opp'n 14:12-13.)

"The elements of a cause of action for negligence are: the defendant had a duty to use due care, . . . he or she breached that duty, and . . . the breach was the proximate or legal cause of the [plaintiff's] resulting injury."  Vasquez v. Residential Invs., Inc., 118 Cal. App. 4th 269, 278 (2004).  "[T]he threshold element of a cause of action for negligence is the existence of a duty to use due care toward an interest of another . . . .  Whether this essential prerequisite has been satisfied in a particular case is a question of law."  Glenn K. Jackson, Inc. v. Roe, 273 F.3d 1198, 1196-97 (9th Cir. 2001) (quotations and citations omitted) (applying California law).

1    Plaintiff alleges that "Defendants . . . breached their duty
2 to Plaintiff by their failure to perform acts in such a manner as to
3 not cause Plaintiff harm [and by] . . . fail[ing] to maintain the
4 original mortgage note, fail[ing] to properly create original
5 documents, and fail[ing] to make the required disclosures to the
6 Plaintiff." (Compl. ¶ 69.)

7    Plaintiff, however, has not alleged that MERS owed him a
8 duty of care which could give rise to a negligence claim; nor has he
9 cited "authority for the proposition that MERS owed plaintiff[] a duty
10 to maintain documents [or] perform its administrative duties
11  . . . . Absent such authority, a pleading of an assumption of duty
12 by MERS, or a special relationship, plaintiff cannot establish MERS
13 owed a duty of care." <u>Baisa</u>,, 2009 WL 3756682, at *3 (citations
14 omitted). Therefore, Plaintiff's negligence claim against MERS is
15 deficient and is dismissed.

16                              **C. Fraud**

17    MERS further seeks dismissal of Plaintiff's fraud claim
18 arguing it is "vague and conclusory," does not differentiate between
19 the named defendants, and fails to set forth any misrepresentation
20 made by MERS. (MTD 6:16-7:24.) Plaintiff counters he has alleged:
21 "MERS misrepresented its interest in Plaintiff's property when it
22 assigned Plaintiff's Note and Deed to IndyMac Federal Bank," and that
23 "the entire scheme of selling and transferring notes and deeds, in
24 which Defendant MERS played a central and vital role, was fraudulent."
25 (Opp'n 16:3-18-20.) However, Plaintiff's pled allegations do not
26 establish that this claim "has facial plausibility." <u>Iqbal</u>, 129 S.
27 Ct. at 1949.

28

Under California law, the elements of a fraud claim are: (1) misrepresentation (including, false representation, concealment, or nondisclosure); (2) knowledge of falsity; (3) intent to induce reliance; (4) justifiable reliance; and (5) resulting damage. <u>Lazar v. Superior Court</u>, 12 Cal.4th 631, 638 (1996). However, a state fraud claim pled in federal court, must satisfy Federal Rule of Civil Procedure 9(b)'s "particularity" requirement. <u>Vess v. Ciba-Geigy Corp.</u>, 317 F.3d 1097, 1103 (9th Cir. 2003); <u>see also</u> Fed. R. Civ. P. 9(b) (requiring that "[i]n alleging fraud . . ., a party must state with particularity the circumstances constituting fraud"). Therefore, "[a]verments of fraud must be accompanied by 'the who, what, when, where and how' of the misconduct charged." <u>Vess</u>, 317 F.3d at 1106 (citation omitted). Further, "[t]he plaintiff must set forth what is false or misleading about a statement, and why it is false." <u>Id.</u> (citation omitted). Lastly, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." <u>Swartz v. KPMG LLP</u>, 476 F.3d 756, 764-65 (9th Cir. 2007) (quotations and citations omitted).

Plaintiff alleges in his complaint that "Defendants . . . have made several representations to Plaintiff with regard to material facts"; "[t]hese misrepresentations made by Defendants were false"; "Defendants knew that these material representations were false when made, or these material representations were made with reckless disregard for the truth"; "Defendants intended that Plaintiff rely on these material representations"; "Plaintiff reasonably relied on said

representations" and "[a]s a result of Plaintiff's reliance, he was harmed and suffered damages." (Compl. ¶¶ 90-95.)

Plaintiff's fraud allegations are conclusory, merely restate the elements of a fraud cause of action, and do not differentiate MERS' alleged fraudulent conduct from that of the other defendants. Therefore, Plaintiff's fraud claim fails to satisfy the requirements of Rule 9(b) and is dismissed.

### D. Breach of the Implied Covenant of Good Faith and Fair Dealing

MERS also seeks dismissal of Plaintiff's breach of the implied covenant of good faith and fair dealing claim, arguing there is no contractual relationship between the parties, and there is no "special relationship" justifying the imposition of tort liability." (MTD 8:19-25.) Plaintiff argues a contractual relationship exists between himself and MERS since "the Note . . . incorporates the Deed of Trust." (Opp'n 21:8-13.) Further, Plaintiff argues that a "special relationship could be established sheerly by the contractual relationship that did exist between Plaintiff and Defendant MERS." (Opp'n 22:13-16.)

"The prerequisite for any action for breach of the implied covenant of good faith and fair dealing is the existence of a contractual relationship between the parties, since the covenant is an implied term in the contract." Smith v. City and County of San Francisco, 225 Cal. App. 3d 38, 49 (1990). Plaintiff's complaint does not allege the existence of any contractual relationship between himself and MERS. Further, Plaintiff has not explained how the naming of MERS in the Deed of Trust gives rise to a contractual relationship. Therefore, Plaintiff's breach of the implied covenant of good faith and fair dealing claim against MERS is dismissed.

## E. California Business and Professions Code § 17200

Lastly, MERS argues Plaintiff's claim under California Business and Professions Code § 17200 (the "UCL") should be dismissed since the "claim is vague, conclusory and does not give MERS fair notice of the basis upon which it is being sued." (MTD 7:26-27.) Plaintiff counters that he "alleged multiple violations . . . of specific statutory and common law provisions . . .[,and] "MERS' practice of assigning the notes of its Member's loans is fraudulent, and, given the terms of its charter, clearly deceiving to the public." (Opp'n 11:13-18.) Plaintiff also argues he has alleged that MERS transacted "business in the state of California, in violation of Cal. Corp. Code § 2105(a)." (Id. 20:1-2.)

"To bring a UCL claim, a plaintiff must show either an (1) unlawful, unfair or fraudulent business act or practice, or (2) unfair, deceptive, untrue or misleading advertising. Because section 17200 is written in the disjunctive, it establishes three varieties of unfair competition - acts or practices which are unlawful, or unfair or fraudulent. A practice is prohibited as unfair or deceptive even if not unlawful or vice versa." Lippitt v. Raymond James Fin. Servs. Inc., 340 F.3d 1033, 1043 (9th Cir. 2003) (quotations and citations omitted). "[A]n action based on [Section 17200] to redress an unlawful business practice 'borrows' violations of other laws and treats these violations . . . as unlawful practices, independently actionable under section 17200 et seq. and subject to the distinct remedies provided thereunder." Farmers Ins. Exchange v. Superior Court, 2 Cal. 4th 377, 383 (1992) (quotations and citations omitted). "A plaintiff alleging unfair business practices under [the UCL] must state with reasonable particularity the facts supporting the statutory

elements of the violation." <u>Khoury v. Maly's of California, Inc.</u>, 14
Cal. App. 4th 612, 619 (1993).

Plaintiff alleges in his complaint that "Defendants
committed unlawful, unfair, and/or fraudulent business practices, as
defined by California Business and Professions Code Section 17200, by
engaging in the unlawful, unfair, and fraudulent business practices
alleged [in the complaint]." (Compl. ¶ 98.)  Further, Plaintiff
alleges that "[a]s a result of Defendants' wrongful conduct, Plaintiff
has suffered various damages and injuries . . . ."  (<u>Id.</u> ¶ 99.)

Plaintiff's UCL claim against MERS is vague and conclusory,
and does not differentiate between the conduct of MERS and the other
defendants.  The allegations, therefore, fail to state with reasonable
particularity the facts supporting his claim.  Therefore, this claim
is dismissed.

**IV.  CONCLUSION**

For the stated reasons, MERS' motion to dismiss is granted
and Plaintiff's claims against MERS' are dismissed.  Plaintiff,
however, is granted leave to file an amended complaint addressing the
deficiencies in his claims alleged against MERS.  Any amended
complaint shall be filed within fourteen (14) days of the date on
which this order is filed.

Dated:  February 25, 2010

GARLAND E. BURRELL, JR.
United States District Judge

11