IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
ANTONIO GAMEZ, JR.,              )
                                 )
          Plaintiff,             )   2:09-CV-01628-GEB-EFB
                                 )
     v.                          )   ORDER DECLINING SUPPLEMENTAL
                                 )   JURISDICTION OVER PLAINTIFF'S
REGIONAL TRUSTEE SERVICE CORP.;  )   STATE LAW CLAIMS*
MORTGAGE ELECTRONIC REGISTRATION )
SYSTEMS, INC.; JOHN MANUEL SANTOS,)
                                 )
          Defendants.            )
_____)
```

Defendants Mortgage Electronic Registration Systems, Inc., Regional Trustee Service Corp. and John Santos have each filed motions to dismiss Plaintiff's second amended complaint. Plaintiff's second amended complaint alleges eight claims under California law. Plaintiff filed a Statement of Non-Opposition to Defendant Santos' dismissal motion, in which he states:

> Plaintiff requests the Court take notice that [his] Second Amended Complaint, the operative pleading, contains no federal causes of action. The remaining causes of action are all state law claims. Therefore, this Court may decline to exercise supplemental

---

\* This matter is deemed to be suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

>               jurisdiction over state law claims and choose
>               to not consider the Defendants' arguments on
>               the remaining state claims . . . .  To avoid
>               unnecessary usurpation of the Court's time and
>               resources, as well as those of the parties,
>               Plaintiff has no objection to the Court's
>               dismissal without prejudice of this matter.
>               Plaintiff respectfully requests that the
>               Second Amended Complaint be dismissed in its
>               entirety without prejudice.

(Pl.'s Statement of Non-Opp'n 1:24-2:11.)

        The court has the discretion to decide whether it should decline exercising supplemental jurisdiction over the state law claims alleged in Plaintiff's second amended complaint.  Under 28 U.S.C. § 1367(c)(3), a district court "may decline to exercise supplemental jurisdiction over a [state law] claim" when if "the district court has dismissed all claims over which it has original jurisdiction . . . ."  Here Plaintiff has elected not to pursue the federal claim alleged in his original complaint.  The decision whether to decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) should be informed by the values of economy, convenience, fairness and comity as delineated by the Supreme Court in United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1996).  Acri v. Varian Associates, Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en banc).

        Since state courts have the primary responsibility for developing and applying state law, the Gibbs values do not favor retaining jurisdiction in this case.  See Acri, 114 F.3d at 1001 (stating that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point towards declining to exercise jurisdiction over the remaining state-law claims" (quotations and citation omitted)); Curiel v. Barclays Capital Real Estate Inc., No. S-09-3074 FCD/KJM, 2010 WL 729499, at *1 (E.D.

Cal. Mar. 2, 2010) (stating "primary responsibility for developing and applying state law rests with the state courts" and declining to exercise supplemental jurisdiction after dismissal of the federal claims); Anderson v. Countrywide Fin., No. 2:08-cv-01220-GEB-GGH, 2009 WL 3368444, at *5 (E.D. Cal. Oct. 19, 2009) (finding that "the Gibbs values do not favor continued exercise of supplemental jurisdiction" once all federal claims have been resolved).  Therefore, the Court declines to continue exercising supplemental jurisdiction over the state law claims alleged in Plaintiff's second amended complaint and those claims are dismissed without prejudice under 28 U.S.C. § 1367(c)(3).  Therefore, this action shall be closed.

Dated:  April 22, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge